# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

ESTATE OF WILLIAM M. MONTGOMERY, DECEASED,
AND ANNE M. KIMMELL, EXECUTRIX                  PLAINTIFFS

v.                                              CIVIL NO. 1:18cv194-HSO-JCG

CAREGIVERS SERVICES, L.L.C.
D/B/A COMFORT KEEPERS                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION [5] TO REMAND

BEFORE THE COURT are Plaintiffs Estate of William M. Montgomery, Deceased, and Anne M. Kimmell, Executrix's ("Plaintiffs") Motion [5] to Remand. Having considered the parties' submissions, the record as a whole, and relevant legal authority, the Court finds that it possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332. The Motion is not well taken and should be denied.

## I. BACKGROUND

Plaintiffs Estate of William M. Montgomery, Deceased, and Anne M. Kimmell, Executrix ("Plaintiffs"), filed this action on April 10, 2018, in the Circuit Court of Harrison County, Mississippi, First Judicial District, Cause Number A2401-18-81. Compl. [1-2] at 3. The Complaint advances causes of action for negligence and breach of contract and seeks damages for: (1) a broken left ankle; (2) a broken right tibia; (3) contusions to head and shoulder; (4) pain and

suffering; (5) a shortened life with poor quality; (6) extensive hospital and other consequential bills; and (7) other damages to be shown at trial. *Id.* at 5-7.

Defendant Caregivers Services, L.L.C. d/b/a Comfort Keepers ("Defendant") removed the case on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal [1] at 1-3. The Notice of Removal asserts that the parties are of diverse citizenship and that the amount in controversy exceeds the jurisdictional minimum of $75,000.00.[1] *Id.* Plaintiffs have filed a Motion [5] to Remand that does not deny that the parties are diverse, but argues that the amount in controversy does not exceed $74,999.00. Mot. to Remand [8] at 1-4. Defendant's Response in Opposition [6] maintains that, based upon the nature of the damages pled which include extensive medical bills, removal was proper because it is apparent from the Complaint that Plaintiffs are seeking in excess of $75,000.00. Resp. in Opp'n [6] at 1-4.

## II. DISCUSSION

A. Removal standard

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. 28 U.S.C. § 1441(a) (2012). Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction

---

[1] Plaintiffs are Mississippi citizens and Defendant is a Louisiana limited liability company whose members are citizens of Louisiana. Compl. [1-2] at 3; see Corp Disclosure [2] at 1.

of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (citing *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982)). For this reason, removal statutes are subject to strict construction. *Hood ex. rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 92 (5th Cir. 2013); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy*, 855 F.2d at 1164). The party seeking removal bears the burden of establishing federal jurisdiction over the state court suit. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B.  Diversity jurisdiction under 28 U.S.C. § 1332(a)

The record reflects, and the parties do not dispute, that they are of diverse citizenship. At issue is whether the amount in controversy is satisfied. According to § 1446(c)(2),

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the

3

> initial pleading shall be deemed to be the amount in controversy . . . except that—
>
> > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
> >
> > > (i) nonmonetary relief; or
> > >
> > > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> >
> > (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

Under § 1446, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Generally, "when a defendant seeks federal court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. When questioned, § 1446(c)(2)(B) dictates the procedure to follow: "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554.

Jurisdictional facts, including the amount in controversy, are judged as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Toney v. State Farm Lloyds*, 661 F. App'x 287, 290 (5th Cir. 2016). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia*, 233 F.3d at 883. A court may consider a post-removal affidavit when the jurisdictional amount was ambiguous on the face of the state petition and the affidavit helps clarify the jurisdictional facts as of the time of removal. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998).

C.  Analysis

Although Plaintiffs did not request a specific amount of damages in their Complaint, they asserted causes of action for negligence and breach of contract, and sought damages for: (1) a broken left ankle; (2) a broken right tibia; (3) contusions to head and shoulder; (4) pain and suffering; (5) a shortened life with poor quality; (6) extensive hospital and other consequential bills; and (7) other damages to be shown at trial. Compl. [1-2] at 3-7. In a case seeking damages similar to those at issue in the present case, the United States Court of Appeals for the Fifth Circuit held that it was facially apparent that the amount in controversy was in excess of $75,000.00 where a plaintiff alleged

5

> in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement.

*Gebbia*, 233 F.3d at 883. A court is allowed to make "common-sense inferences" about the amount in controversy based upon the injuries a plaintiff alleges in a complaint. *Robertson v. Exxon Mobile Corp.*, 814 F.3d 236, 240-41 (5th Cir. 2015) (finding that claims for damages for emphysema and for wrongful death from lung cancer, or claims for prostate cancer and a host of other ailments, made it "more likely than not" that a plaintiff was seeking more than $75,000.00)).

Reviewing the Complaint as a whole, the Court finds that it is facially apparent that Plaintiffs were seeking damages in excess of $75,000.00 at the time of removal. Defendant has carried its burden of demonstrating that the amount in controversy in this particular case exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). This Court possessed subject-matter jurisdiction at the time of removal and Plaintiffs' Motion to Remand should be denied.

### III. CONCLUSION

After review of the Complaint, the record as a whole, and relevant legal authority, the Court finds that Plaintiffs Estate of William M. Montgomery,

6

Deceased, and Anne M. Kimmell, Executrix's Motion to Remand [5] should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs Estate of William M. Montgomery, Deceased, and Anne M. Kimmell, Executrix's Motion to Remand [5] is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 15th of January, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE